UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**JAMES K. BREDAR**<br>**U.S. MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-0950**<br>**(410) 962-2985 FAX** |

October 22, 2008

TO ALL COUNSEL OF RECORD

    Subject: *Barbara Wyckoff v. State of Maryland, et al.*
             Civil No. JKB-07-58

Dear Counsel:

    Pending before the Court is Plaintiff's Motion to Exclude Evidence Pursuant to Fed. R. Civ. P. 37(c). (Paper No. 51.) No hearing is necessary. Local Rule 105.6.

    Plaintiff seeks sanctions against Defendant State of Maryland, Maryland State Police ("MSP"), because she claims that MSP failed to supplement a Response to an Interrogatory that requested identification by MSP of individuals with knowledge of Plaintiff's claims and then used affidavits from three such individuals in MSP's Motion for Summary Judgment. (Paper No. 51.) Defendant MSP responds that it complied with appropriate discovery rules by including the names of those individuals within the MSP's production of documents prior to the filing of Defendants' Motion for Summary Judgment; further, it is pointed out that Defendant Lieutenant Homer Rich did not receive written requests for discovery and had no obligation to produce that information. (Paper No. 54.) Plaintiff asks this Court to exclude the affidavits from evidence, to exclude the three individuals from the trial, and to grant her costs and attorneys' fees for preparation of her motion. (Paper No. 51.)

    The Court has recently denied Defendants' Motion for Summary Judgment (Paper Nos. 48 & 56), so Plaintiff's motion is moot as to that matter. The Court is unable to determine whether Defendant MSP's production of documents included the necessary information because those documents are not before the Court, but it has no reason to disregard the representation to that effect by MSP's counsel in its response to Plaintiff's motion. That representation has not been contradicted by Plaintiff. Generally, all relevant evidence should be before the finder of fact, and as a practical matter, the Court has concluded that the solution to Plaintiff's complaint is to reopen discovery for the limited purpose of allowing Plaintiff to depose the three individuals who submitted affidavits accompanying Defendants' Motion for Summary Judgment; the deadline for completing that additional discovery is November 10, 2008.

      Therefore, Plaintiff's Motion to Exclude Evidence is DENIED, and it is hereby ORDERED that discovery is reopened in accordance with this opinion. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order.

                          Very truly yours,

                          /s/

                          James K. Bredar
                          United States Magistrate Judge

JKB/cw
cc:  Court File
      Chambers File